**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
Northern District of Illinois
(State)

Case number (if known): 26-_____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Hawthorne Race Course, Inc. |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names, and doing business as names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 36-3042284 |
| 4. | Debtor's address | **Principal Place of Business**<br>3501 S Laramie Ave<br>Number  Street<br><br>Stickney  IL  60804<br>City  State  ZIP Code<br><br>Cook<br>County | **Mailing address, if different from principal place of business**<br><br>Number  Street<br>P.O. Box<br>City  State  ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number  Street<br><br>City  State  ZIP Code |
| 5. | Debtor's website (URL) | hawthorneracecourse.com |

Official Form 201  Voluntary Petition for Non-Individuals Filing for Bankruptcy  page 1

**6. Type of debtor**

- [x] Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- [ ] Partnership (excluding LLP)
- [ ] Other. Specify: _____

**7. Describe debtor's business**

**A.** *Check one:*

- [ ] Health Care Business (as defined in 11 U.S.C. § 101(27A))
- [ ] Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- [ ] Railroad (as defined in 11 U.S.C. § 101(44))
- [ ] Stockbroker (as defined in 11 U.S.C. § 101(53A))
- [ ] Commodity Broker (as defined in 11 U.S.C. § 101(6))
- [ ] Clearing Bank (as defined in 11 U.S.C. § 781(3))
- [x] None of the above

**B.** *Check all that apply:*

- [ ] Tax-exempt entity (as described in 26 U.S.C. § 501)
- [ ] Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- [ ] Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
7132

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11. *Check all that apply:*
  - [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - [ ] A plan is being filed with this petition.
  - [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - [ ] The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A) with this form.
  - [ ] The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- [ ] Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- [x] No
- [ ] Yes.   District _____  When _____  Case Number _____
                                  MM / DD / YYYY
          District _____  When _____  Case Number _____
                                  MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- [ ] No
- [x] Yes.

| | | | |
|---|---|---|---|
| Debtor | See Schedule 1 | Relationship | Affiliate |
| District | Northern District of Illinois, Eastern District | When | 02/27/2026 |
| | | | MM / DD / YYYY |
| Case number, if known | | | |

**11. Why is the case filed in this district?**

*Check all that apply:*

- [x] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- [x] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real or personal property that needs immediate attention?**

- [x] No
- [ ] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed

   **Why does the property need immediate attention?** *(Check all that apply.)*

   - [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
     What is the hazard?
   
   - [ ] It needs to be physically secured or protected from the weather.
   
   - [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
   
   - [ ] Other

   **Where is the property?**
   
   Number    Street
   
   City                State        ZIP Code

   **Is the property insured?**
   
   - [ ] No
   - [ ] Yes.   Insurance Agent Contact name
                Phone

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

- [x] Funds will be available for distribution to unsecured creditors
- [ ] After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

- [ ] 1-49
- [x] 200-999
- [ ] 10,001-25,000
- [ ] More than 100,000
- [ ] 50-99
- [ ] 1,000-5,000
- [ ] 25,001-50,000
- [ ] 100-199
- [ ] 5,001-10,000
- [ ] 50,001-100,000

| 15. Estimated assets | ☐ $0 - $50,000<br>☐ $500,001 - $1,000,000<br>☑ $50,000,001 - $100,000,000<br>☐ $1,000,000,001 - $10,000,000,000 | ☐ $50,001 - $100,000<br>☐ $1,000,001 - $10,000,000<br>☐ $100,000,001 - $500,000,000<br>☐ $10,000,000,001 - $50,000,000,000 | ☐ $100,001 - $500,000<br>☐ $10,000,001 - $50,000,000<br>☐ $500,000,001 - $1,000,000,000<br>☐ More than $50,000,000,000 |
|---|---|---|---|
| 16. Estimated liabilities | ☐ $0 - $50,000<br>☐ $500,001 - $1,000,000<br>☐ $50,000,001 - $100,000,000<br>☐ $1,000,000,001 - $10,000,000,000 | ☐ $50,001 - $100,000<br>☐ $1,000,001 - $10,000,000<br>☑ $100,000,001 - $500,000,000<br>☐ $10,000,000,001 - $50,000,000,000 | ☐ $100,001 - $500,000<br>☐ $10,000,001 - $50,000,000<br>☐ $500,000,001 - $1,000,000,000<br>☐ More than $50,000,000,000 |

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/27/2026
             MM / DD / YYYY

_____    Timothy Sean Carey
Signature of authorized representative of debtor    Printed name

Title  President

**18. Signature of attorney for debtor**

/s/ Barry A. Chatz                          Date 02/27/2026
Signature of attorney for debtor                  MM / DD / YYYY

Barry A. Chatz
Printed name

Saul Ewing
Firm name

161                    North Clark St, Suite 4200
Number                 Street

Chicago                              IL         60601
City                                 State      ZIP Code

(312) 876-7100                       barry.chatz@saul.com
Contact phone                        Email Address

ARDC# 6196639                        IL
Bar number                           State

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Illinois (Eastern Division) (the "Court"). A motion will be filed with the Court requesting the chapter 11 case of each entity listed below be consolidated for procedural purposes only and jointly administered under the case number assigned to the chapter 11 case of Hawthorne Race Course, Inc.

| AFFILIATED DEBTORS |
| --- |
| Hawthorne Race Course, Inc. |
| Carey Heirs Properties, LLC |
| Suburban Downs, Inc. |
| Post Time Catering, Inc. |

# CERTIFICATE OF HAWTHORNE RACE COURSE, INC.

## (Chapter 11)

The undersigned, as the duly elected and qualified Secretary of HAWTHORNE RACE COURSE, INC. (the "Company"), an Illinois corporation, does hereby certify as follows:

1. Attached hereto as Exhibit A is a true and correct copy of the Resolutions of the Company effective on the date hereof. Such resolutions have not been modified, amended or revoked and remain in full force and effect.

2. The following is the duly elected, qualified and serving President of the Company, authorized to execute any and all documents on behalf of the Company as set forth in the Resolutions, and modifications thereof. The signature set out opposite the name of said officer is the genuine signature of such person:

Title: President

Name: Timothy Carey

IN WITNESS WHEREOF, I have executed this certificate as of February 23, 2026.

By: _____
Anthony Carey, Secretary

The undersigned, Timothy Carey, hereby certifies that he is the duly elected and qualified President of the Company and that, as such, he is authorized to execute this certificate on behalf of the Company and further certifies that the officer signing the foregoing Certificate of the Company as Secretary holds the office set forth under his name and the signature appearing on the foregoing Certificate is his genuine signature.

IN WITNESS WHEREOF, I have executed this certificate as of February 23, 2026.

By: _____
Timothy Carey, President

# EXHIBIT A

## RESOLUTION – CHAPTER 11

The following Resolutions were presented to, and approved at, a joint meeting of the Managers and the Directors, as the case may be, of each of the following Illinois corporations or Illinois limited liability companies at a joint meeting held on February 23, 2026 ("**Meeting**"):

- Hawthorne Race Course, Inc.
- Carey Heirs Properties, LLC
- Suburban Downs, Inc.
- Post Time Catering, Inc.

(those entities, collectively, the "**Debtor Entities**" and each, an "**Debtor Entity**").

### AUTHORIZATION TO FILE VOLUNTARY PETITION UNDER CHAPTER 11

**WHEREAS**, the Managers or Directors, as the case may be, of each of the Debtor Entities have considered the business and financial condition of each of the Debtor Entities, and are aware of the assets, liabilities, potential liabilities and liquidity of each of the Debtor Entities, and have had the opportunity to consult with the management and advisors of each of the Debtor Entities and fully considered all of the strategic alternatives available to each of the Debtor Entities; and

**WHEREAS**, as a result of the current financial situation of the Debtor Entities, it appears that it may be necessary for the Debtor Entities to file for reorganization under chapter 11 (the "**Bankruptcy**") of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Illinois (the "**Bankruptcy Court**").

**IT IS THEREFORE, RESOLVED**, that the Managers or Directors, as the case may be, of each of the Debtor Entities have determined in their judgment that it may be desirable and in the best interests of each of the Debtor Entities, their respective creditors and other interested parties to commence the Bankruptcy; and

**FURTHER RESOLVED**, that the Chief Executive Officer, or any other duly appointed officer of each of the Debtor Entities, together with any other person or persons hereafter designated in writing by the Managers or the Board of Directors, as the case may be, of the Debtor Entity in question (each individually an "**Authorized Officer**" and collectively the "**Authorized Officers**"), alone or with one or more other Authorized Officers be, and hereby are, authorized and empowered to execute and file on behalf of the applicable Debtor Entities all petitions, schedules, lists, motions, applications, pleadings and other papers or documents as necessary to commence the Bankruptcy, and to take any and all further acts and deeds that they deem necessary, proper and desirable in connection with the Bankruptcy, with a view to the successful prosecution of such case; and

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered to, in the name and on behalf of the applicable Debtor Entity, to negotiate, make, execute and deliver, either jointly or severally, any and all debtor-in-possession loan documents, and any and all amendments, supplements, modifications, extensions, renewals, replacements, agreements, documents and instruments relating to the foregoing, subject to any requisite Bankruptcy Court approval; and

**FURTHER RESOLVED**, that in connection with the Debtor Entities' commencement of their chapter 11 cases (together, the "**Chapter 11 Cases**"), the Authorized Officers are authorized and directed to seek approval of a cash collateral order in interim and final form (a "**Cash Collateral Order**") or a debtor-in-possession financing order ("**DIP Order**"), as the case may be, and the Chief Executive Officer, Chief Restructuring Officer, or any other Authorized Officer, alone or with one or more other Authorized Officers, are authorized, empowered and directed to negotiate, execute and deliver any and all agreements, instruments or documents by or on behalf of the Debtor Entities necessary to implement the Cash Collateral Order or the DIP Order, as well as any additional or further agreements for the use of cash collateral or DIP financing in

connection with the Chapter 11 Cases, which agreements may require the Debtor Entities to grant liens to the companies' existing lender or a new lender, and each other agreement, instrument or document to be executed and delivered in connection therewith, all with such changes therein and additions thereto as the Authorized Officers approve, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof, subject to Bankruptcy Court approval; and

**FURTHER RESOLVED**, that the law firm of Saul Ewing LLP is hereby engaged as general bankruptcy counsel for each Debtor Entity under general retainer in the Bankruptcy, subject to any requisite Bankruptcy Court approval; and

**FURTHER RESOLVED**, that the law firm of Carey White Boland Murnighan & Murray, LLC is hereby engaged as general counsel for each Debtor Entity under general retainer in the Bankruptcy, subject to any requisite Bankruptcy Court approval; and

**FURTHER RESOLVED**, that the law firm of Greenburg Traurig LLP is hereby engaged as general regulatory counsel for each Debtor Entity under general retainer in the Bankruptcy, subject to any requisite Bankruptcy Court approval; and

**FURTHER RESOLVED**, that the Debtor Entities' engagement of Getzler Henrich & Associates ("Getzler") as their financial advisor pursuant to the terms of that certain letter agreement with Getzler is hereby ratified, confirmed and approved in all respects and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Getzler in accordance with applicable law; and

**FURTHER RESOLVED**, that the firm of Omni Agent Solutions ("Omni") is hereby engaged as notice, claims, and balloting agent and as administrative advisor to represent and assist each of the Debtor Entities in carrying out their respective duties under the Bankruptcy Code and to take any and all actions to advance the each Debtor Entity's rights and remedies and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain ("Omni") in accordance with applicable law; and

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist the each of the Debtor Entities in carrying out their respective duties under the Bankruptcy Code and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## RATIFICATION OF ALL PRIOR AND FUTURE ACTIONS

**IT IS THEREFORE, RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers or their designees shall be, and each of them, acting alone, hereby is, authorized and empowered, in the name of, and on behalf of, the applicable Debtor Entity, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the foregoing resolutions; and

**FURTHER RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the applicable Debtor Entity, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects ratified and approved.

Debtor name: **Hawthorne Race Course, Inc.**

United States Bankruptcy Court for the **NORTHERN** Division, District of **ILLINOIS**

Case number (If known): **26-**

## Official Form 202

### Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. 152, 1341, 1519, and 3571.

#### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

| | |
|---|---|
| ☐ Schedule A/B: Assets-Real and Personal Property | (Official Form 206 A/B) |
| ☐ Schedule D: Creditors Who Have Claims Secured by Property | (Official Form 206 D) |
| ☐ Schedule E/F: Creditors Who Have Claims Unsecured Claims | (Official Form 206 E/F) |
| ☐ Schedule G: Executory Contracts and Unexpired Leases | (Official Form 206 G) |
| ☐ Schedule H: Codebtors | (Official Form 206 H) |
| ☐ Summary of Assets and Liabilities for Non-Individuals | (Official Form 206Sum) |
| ☐ Amended Schedule | |

☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 02/27/2026
MM / DD / YYYY

Signature: [signed]
Printed Name: Timothy Sean Carey
Title: President

Fill in this information to identify the case:

Debtor name: **Hawthorne Race Course, Inc.** et al.

United States Bankruptcy Court for the **NORTHERN** Division, District of **ILLINOIS**

Case number (If known): **26-**

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Fanatics, LLC<br>8100 Nations Way<br>Jacksonville, FL 32256 | Phone: 855-438-0679<br>Email: andrea.ellis@betfanatics.com | Trade | Unliquidated | | | $8,750,000.00 |
| 2 | Monarch Content Management<br>285 W Himting Dr<br>Arcadia, CA 91007 | Phone: 626-574-6334<br>Email: David.Peterson@monarchmgmt.com | Trade | Unliquidated | | | $7,133,612.30 |
| 3 | Aria Group Architects, Inc<br>830 North Blvd<br>Oak Park, IL 60301 | Phone: 708-445-8400<br>Email: chamer@ariainc.com | Mechanic's Lien | Unliquidated | Unknown | | $5,647,129.13 |
| 4 | WE O'Neil Construction Co<br>1245 W Washington Blvd<br>Chicago, IL 60607 | Phone: 773-755-1611<br>Email: deallonardo@weoneil.com | Mechanic's Lien | Disputed | Unknown | | $5,087,478.94 |
| 5 | Roberts Communications Network, LLC<br>4075 Volunteer Blvd<br>Henderson, NV 89044-1845 | Phone: 702-227-7500<br>Email: dnishioka@rcnmail.com | Trade | Unliquidated | | | $1,528,952.99 |
| 6 | Woodbine Thoroughbred<br>P.O. Box 156<br>555 Rexdale Blvd<br>Etobicoke, ON M9W 5L2<br>Canada | Phone: 416-675-7223<br>Email: nradhakrishnan@woodbine.com | Trade | Unliquidated | | | $1,212,204.41 |
| 7 | CDI, Inc<br>600 Hurstbourne Pkwy, Ste 400<br>Louisville, KY 40222 | Phone: 502-636-4432<br>Email: Jessica.Bullock@unitedtote.com | Trade | Unliquidated | | | $974,770.57 |
| 8 | Horseracing Integrity<br>401 W Main St, Ste 222<br>Lexington, KY 40507 | Phone: 877-513-2919<br>Email: jim.gates@hisaus.org | Trade | Unliquidated | | | $971,208.38 |
| 9 | Laurel<br>P.O. Box 130<br>Laurel, MD 20725 | Phone: 301-470-5660<br>Email: Norma.Couthen@marylandracing.com | Trade | Unliquidated | | | $875,287.26 |
| 10 | Caesar's<br>4811 Versailles Rd<br>Lexington, KY 40510 | Phone: 702-407-6000<br>Email: JMorris1@caesars.com | Trade | Unliquidated | | | $750,891.32 |

Official Form 204                Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims                Page 1 of 2

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | Meadowlands  50 State Rte 120  E Rutherford, NJ 7073 | Phone: 201-460-4239  Email: Dstewart@playmeadowlands.com | Trade | Unliquidated | | | $590,761.00 |
| 12 | Constellation New Energy, Inc  P.O. Box 4640  Carol Stream, IL 60197 | Phone: 888-635-0827  Email: Clayton.Picken@constellation.com | Trade | Unliquidated | | | $565,154.00 |
| 13 | Carey White Boland Murnighan & Murray, LLC  33 W Jackson Blvd, 5th Fl  Chicago, IL 60604 | Phone: 312-939-4300  Email: kmurnighan@careywhitelaw.com | Legal | Unliquidated | | | $559,819.71 |
| 14 | Del Mar Thoroughbred Club  2260 Jimmy Durante Blvd  Del Mar, CA 92014-0700 | Phone: 858-794-1063  Email: berni@dmtc.com | Trade | Unliquidated | | | $509,442.80 |
| 15 | NYRA  P.O. Box 95000-3820  Philadelphia, PA 19195-0001 | Phone: 718-641-4700 x3442  Email: Pmiller@nyrainc.com | Trade | Unliquidated | | | $502,500.00 |
| 16 | Penn National  Box 32  Grantville, PA 17028 | Phone: 610-373-2400  Email: Chris McErlean@pngaming.com | Trade | Unliquidated | | | $491,828.14 |
| 17 | PARX  P.O. Box 1000  Bensalem, PA 19020-2096 | Phone: 267-223-3610  Email: Plarkin@parxcasino.com | Trade | Unliquidated | | | $448,268.97 |
| 18 | Croke Fairchild Duarte & Beres LLC  180 N LaSalle St, Ste 3400  Chicago, IL 60601 | Phone: 312-650-8650  Email: sklapman@afmlegalpc.com | Legal | Unliquidated | | | $441,666.75 |
| 19 | Tampa Bay Downs  11225 Race Track Rd  Tampa, FL 33626 | Phone: 813-855-4401  Email: GAGelyon@tampabaydowns.com | Trade | Unliquidated | | | $413,079.96 |
| 20 | Waste Management  P.O. Box 4648  Carol Stream, IL 60197-4648 | Phone: 203-876-1000  Email: ESamuels@wm.com | Trade | Unliquidated | | | $356,759.60 |

Official Form 204     **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**     Page 2 of 2

| | | | |
|---|---|---|---|
| In re | Hawthorne Race Course, Inc. | Case No. | 26- |
| | Debtor(s) | Chapter | 11 |

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for Hawthorne Race Course, Inc. in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

✔ None [*Check if applicable*]

| | |
|---|---|
| 2/27/2026 | /s/ Barry A. Chatz |
| Date | Barry A. Chatz |
| | Signature of Attorney or Litigant |
| | Counsel for  Hawthorne Race Course, Inc. |
| | Saul Ewing LLP |
| | 161 N Clark St, Ste 4200 |
| | Chicago, IL 60601 |
| | Fax: (312) 876-0288 |
| | barry.chatz@saul.com |

In re: Hawthorne Race Course, Inc.
Debtor(s)

Case No. 26-
Chapter 11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| Lucile Marie Mueller Trust [Address Redacted] | | 7.16% | Common Stock |
| Maeve Carey Mueller Trust [Address Redacted] | | 7.16% | Common Stock |
| Thomas G. Finn [Address Redacted] | | 5.69% | Common Stock |
| Margaret B. Jacob [Address Redacted] | | 5.67% | Common Stock |
| 56 Other Individuals Owning Less Than 5% Each | | 74.32% | Common Stock |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date: 2/27/2026

Signature: /s/ Timothy Sean Carey
Timothy Sean Carey
President

*Penalty for making a false statement of concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.