**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Hawthorne Race Course, Inc., | ) | Case No. 26-03505 |
| Debtor. | ) | (Joint Administration Requested) |
| Tax I.D. No.: 36-3042284 | ) | |
| In re: | ) | Chapter 11 |
| Carey Heirs Properties, LLC, | ) | Case No. 26-03512 |
| Debtor. | ) | (Joint Administration Requested) |
| Tax I.D. No.: 30-0752654 | ) | |
| In re: | ) | Chapter 11 |
| Suburban Downs, Inc., | ) | Case No. 26-03515 |
| Debtor. | ) | (Joint Administration Requested) |
| Tax I.D. No.: 36-2362457 | ) | |
| In re: | ) | Chapter 11 |
| Post Time Catering, Inc., | ) | Case No. 26-03517 |
| Debtor. | ) | (Joint Administration Requested) |
| Tax I.D. No.: 36-4203590 | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING THE JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Hawthorne Race Course, Inc. ("**Hawthorne**") and its affiliated debtors and debtors in possession (the "**Debtors**"), by and through their undersigned proposed counsel, hereby file this motion (the "**Motion**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 1015-1 of the Local Rules of the United States

56884267.1

Bankruptcy Court for the Northern District of Illinois (the "**Local Rules**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), directing the joint administration of the above-captioned chapter 11 cases (these "**Chapter 11 Cases**"). In support of the Motion, the Debtors rely on and incorporate by reference the *Declaration of Timothy S. Carey in Support of Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"),[1] and respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of Illinois (the "**Court**") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicates for the relief requested herein are sections 105 of the Bankruptcy Code, Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

2. On February 27, 2026 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate their businesses under the jurisdiction of this court as debtors in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3. Neither a trustee nor a committee of unsecured creditors has been appointed in the Chapter 11 Cases.

4. The Debtors operate a horse racing and wagering business centered on live thoroughbred and standardbred racing in Illinois. The Debtors generate revenue through

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

56884267.1

parimutuel wagering, a large network of off-track betting locations, and sports wagering operations. In 2019, the Debtors began developing Illinois' first Racino entertainment complex featuring both casino-style wagering and horseracing.

**RELIEF REQUESTED**

5. By this Motion, the Debtors request the entry of the Proposed Order pursuant to section 342(c)(1) of the Bankruptcy Code, Bankruptcy Rule 1015, and Local Rule 1015-1, substantially in the form of the Proposed Order, authorizing the consolidation and joint administration of the Chapter 11 Cases for procedural purposes only and directing parties in interest to use a consolidated caption indicating that any pleadings filed relate to the jointly administered bankruptcy cases of "Hawthorne Race Course, Inc., *et al*." Specifically, the Debtors request that the Court maintain one file and one docket for all of these Chapter 11 Cases, and that these Chapter 11 Cases be administered under the following consolidated caption (the "**Consolidated Caption**"):

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hawthorne Race Course, Inc., *et al*.,[1] | ) | Case No. 26-03505 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Hawthorne Race Course, Inc., (2284); Carey Heirs Properties, LLC, (2654); Suburban Downs, Inc., (2457); and Post Time Catering, Inc., (3590). The Debtors' mailing address is 3501 S. Laramie Ave, Stickney, IL 60804.

6.      The Debtors also request that the Court make separate docket entries in each of the Chapter 11 Cases (except that of Hawthorne Race Course, Inc.), substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of Hawthorne Race Course, Inc. (Case No. 26-3505) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 26-30505 should be consulted for all matters affecting this case.

### BASIS FOR RELIEF

7.      Bankruptcy Rule 1015(b)(4) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors in these Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code:

> The term "affiliate" means—
>
> (A)    entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (B)    corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (C)    person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D)    entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

8.      Moreover, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or

judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

9. Joint administration of the Chapter 11 Cases is warranted in the present case because it will ease the administrative burden on the Court and the parties. In particular, joint administration of the Debtors' cases will eliminate the need for duplicate pleadings, notices, and orders in each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents. Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases. Joint administration of these Chapter 11 Cases will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates. Therefore, for the foregoing reasons, joint administration of the Debtors' Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

10. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and should be granted. No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

11. Notice of the filing of this Motion and the hearing scheduled therefor has been provided by CM/ECF, overnight delivery, and/or facsimile to (a) the Office of the United States Trustee for Region 11; (b) each of the Debtors' 20 largest unsecured creditors pursuant to Bankruptcy Rule 1007(d); (c) counsel to the Debtors' senior secured lender, Signature Bank; and (d) all other parties who have requested service of all filings via the Court's CM/ECF system. In

light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: February 27, 2026               **SAUL EWING LLP**

By: */s/ Barry A. Chatz*
Barry A. Chatz (ARDC# 6196639)
David A. Golin (ARDC# 6180517)
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
Telephone: (312) 876-7100
Email: barry.chatz@saul.com
         david.golin@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Hawthorne Race Course, Inc., | ) Case No. 26-03505 |
| Debtor. | ) (Joint Administration Requested) |
| Tax I.D. No.: 36-3042284 | ) |
| In re: | ) Chapter 11 |
| Carey Heirs Properties, LLC, | ) Case No. 26-03512 |
| Debtor. | ) (Joint Administration Requested) |
| Tax I.D. No.: 30-0752654 | ) |
| In re: | ) Chapter 11 |
| Suburban Downs, Inc., | ) Case No. 26-03515 |
| Debtor. | ) (Joint Administration Requested) |
| Tax I.D. No.: 36-2362457 | ) |
| In re: | ) Chapter 11 |
| Post Time Catering, Inc., | ) Case No. 26-03517 |
| Debtor. | ) (Joint Administration Requested) |
| Tax I.D. No.: 36-4203590 | ) |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on Monday, March 2, 2026 at 12:00 p.m. CDT we will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, either in courtroom 682 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, IL 60604 or electronically as described below, and present the **Debtors' Motion for Entry of an Order Directing the Joint Administration of the Debtors' Chapter 11**, a copy of which is attached.

**Important:** Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.

**To appear by Zoom**, please go to this link: https://www.zoomgov.com. Then enter the meeting ID and passcode.

57338419.1

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and Passcode.** The meeting ID for this hearing is 160 9362 1728, and the passcode is No Passcode Required. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days, before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

**SAUL EWING LLP**

By: */s/Barry A. Chatz*
Barry A. Chatz (ARDC# 6196639)
David A. Golin (ARDC# 6180517)
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
Telephone: (312) 876-7100
Email: barry.chatz@saul.com
       david.golin@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*