**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Hawthorne Race Course, Inc., *et al.*,[1] | ) Case No. 26-03505 |
| | ) |
| Debtors. | ) Hon. Judge Deborah L. Thorne |
| | ) |
| | ) Joint Administration Requested |

**APPLICATION OF DEBTORS FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF OMNI AGENT SOLUTIONS, INC. AS CLAIMS AND NOTICING AGENT TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE, PURSUANT TO 28 U.S.C. § 156(c) AND LOCAL RULE 5003-1**

By this application (this "**Application**" or this "**Section 156(c) Application**"), pursuant to 28 U.S.C. § 156(c) and Rule 5003-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "**Local Rules**"), Hawthorne Race Course, Inc. ("**Hawthorne**") and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Debtors to retain and appoint Omni Agent Solutions, Inc. ("**Omni**") as claims and noticing agent (the "**Claims and Noticing Agent**") in the Debtors' chapter 11 cases, effective as of the Petition Date (as defined herein), with full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in the Debtors' chapter 11 cases. In support of this Application, the Debtors submit the *Declaration of Paul H. Deutch in Support of the Application of Debtors for Order Authorizing Retention and Employment*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Hawthorne Race Course, Inc., (2284); Carey Heirs Properties, LLC, (2654); Suburban Downs, Inc., (2457); and Post Time Catering, Inc., (3590). The Debtors' mailing address is 3501 S. Laramie Ave, Stickney, IL 60804.

56986886.1 02/27/2026

*of Omni Agent Solutions, Inc. as Claims and Noticing Agent to the Debtors, Effective as of the Petition Date, Pursuant to 28 U.S.C. § 156(c) and Local Rule 5003-1* attached hereto as **Exhibit B** (the "**Deutch Declaration**") and respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of Illinois (the "**Court**") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2. On February 27, 2026 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate their businesses under the jurisdiction of this court as debtors in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3. Neither a trustee nor a committee of unsecured creditors has been appointed in the Debtors' Chapter 11 Cases (the "**Chapter 11 Cases**"). Concurrently with the filing of this Motion, the Debtors have filed motions seeking joint administration of the Chapter 11 Cases; anticipating no objections to these motions, and in the interest of efficiency, this Motion has only been filed in the above-captioned proposed lead case, that of Hawthorne Race Course, Inc.

4. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and these Chapter 11 Cases, are set forth in greater detail in the *Declaration of Timothy S. Carey in Support of Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), incorporated by reference herein.

**OMNI'S RETENTION**

5.  The terms of retention and employment for Omni are set forth in that certain agreement dated as of January 16, 2026, between the Debtors and Omni, a copy of which is attached hereto as **Exhibit C** (the "**Services Agreement**").

**OMNI'S QUALIFICATIONS**

6.  Omni is comprised of leading industry professionals with significant experience in the administrative aspects of large, complex chapter 11 cases. Omni's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Omni's professionals have acted as debtors' official claims and noticing agent and/or administrative agent in many large bankruptcy cases in this district and in other districts nationwide, including: *See*, *e.g.*, FAT Brands Inc., No. 26-90126 (ARP) (Bankr. S.D. TX. Jan. 26, 2026); Elk Run Property Owners Association, Inc., No. 26-10311 (TBM) (Bankr. D. Co. Jan. 20, 2026); The Falls Condominium Property Owners Association, Inc., No. 25-60870 (BTF) (Bankr. W.D. Mo. Dec. 19, 2025);*In re Fairfield Williamsburg Property Owners Association, Inc.*, No. 25-51179 (SCS) (Bankr. E.D. Va. Dec. 5, 2025); *In re Maple Ridge Property Owners Association, Inc.*, No. 25-40271 (AAE) (Bankr. W.D.N.C. Nov. 25, 2025); *In re Lugano Diamonds & Jewelry, Inc.*, No. 25-12055 (BLS) (Bankr. D. Del. Nov. 16, 2025); *In re Skyline Tower Resort Vacation Condominium Association, Inc.*, No. 25-22156 (ABA) (Bankr. D. N.J. Nov. 15, 2025); *In re Pine Gate Renewables, LLC*, No. 25-90669 (CML) (Bankr. S.D. Tx. Nov. 6, 2025); *In re Star Island Vacation Ownership Association, Inc.*, No. 25-07207 (GER) (Bankr. M.D. Fl. Nov. 6, 2025); *In re Orlando International Resort Club Condominium Association, Inc.*, No. 25-06813 (GER) (Bankr. M.D. Fl. Oct. 23, 2025); *In re Claire's Holdings LLC*, No. 25-11454 (BLS) (Bankr. D.

Del. Aug. 6, 2025); *In re Cinemex Holdings USA, Inc.*, No. 25-17559 (LMI) (Bankr. S.D. Fla. June 30, 2025); *In re Zen JV, LLC*, No. 25-11195 (JKS) (Bankr. D. Del. June 24, 2025); *In re At Home Group Inc.,* No. 25-11120 (JKS) (Bankr. D. Del. June 16, 2025); *In re Boundless Broadband, LLC,* No. 25-10948 (BLS) (Bankr. D. Del. May 29, 2025); *In re Consolidated Burger Holdings, LLC*, No. 25-40162 (KKS) (Bankr. N.D. Fla. Apr. 14, 2025); Publishers Clearing House LLC, No. 25-10694 (MG) (Bankr. S.D.N.Y. Apr. 9, 2025); *In re Solid Fin. Tech., Inc.*, No. 25-10669 (BLS) (Bankr. D. Del. Apr. 7, 2025); *In re Go Lab, Inc.*, No. 25-10557 (KBO) (Bankr. D. Del. Mar. 25, 2025); *In re Wynne Transp. Holdings, LLC*, No. 25-10027 (KBO) (Bankr. D. Del. Jan. 10, 2025); *In re Ligado Networks, LLC*, No. 25-10006 (TMH) (Bankr. D. Del. Jan. 5, 2025).[2] Omni will follow procedures that conform to applicable guidelines promulgated by the Clerk of the Court and the Judicial Conference, and as may be entered by the Court's order.

7. By appointing Omni as the Claims and Noticing Agent in these Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the Office of the Clerk of the Bankruptcy Court (the "**Clerk**") will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

## SCOPE OF SERVICES

8. Pursuant to the Services Agreement, the Debtors propose that Omni perform certain Claims and Noticing Services (as defined herein).

9. This Section 156(c) Application pertains only to the work to be performed by Omni under the Clerk's delegation of duties as permitted by section 156(c) of title 28 of the United States

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Application. Copies of these orders are available upon request to the Debtor's proposed counsel.

Code and Local Rule 5003-1. Any work to be performed by Omni outside of this scope is not covered by this Section 156(c) Application or by any order of the Court granting approval hereof.

10. Subject to Court approval, at the request of the Debtors, and to the extent necessary, Omni has agreed to perform the following tasks in its role as the Claims and Noticing Agent in these Chapter 11 Cases (collectively, the "**Claims and Noticing Services**"), as well as all quality control relating thereto:

   a. Prepare and serve required notices and documents in these cases in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure in the form and manner directed by the Debtors and/or the Court, including without limitation (a) notice of the commencement of the cases and the initial meeting of creditors under Bankruptcy Code § 341(a), (b) notice of any claims bar date, (c) notices of transfers of claims, (d) notices of objections to claims and objections to transfers of claims, (e) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (f) notice of the effective date of any plan, and (g) all other notices, orders, pleadings, publications, and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of the case;

   b. Maintain an official copy of the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, "**Schedules**"), listing the Debtors' known creditors and the amounts owed thereto;

   c. Maintain (a) a list of all potential creditors, equity holders, and other parties in interest and (b) a "core" mailing list consisting of all parties described in sections 2002(i), (j), and (k), and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party in interest or the Clerk;

   d. Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

   e. Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all such mail received;

-5-

    f.   For all notices, motions, orders, or other pleadings or documents served, prepare and file, or cause to be filed, with the Clerk an affidavit or certificate of service within seven (7) business days of service, which includes (a) either a copy of the notice served or the docket numbers(s) and title(s) of the pleading(s) served, (b) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (c) the manner of service, and (d) the date served, unless otherwise authorized and/or directed by the Court;

    g.   Process all proofs of claim received, including those received by the Clerk's office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

    h.   Maintain the official claims register for the Debtors (the "**Claims Registers**") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed (a) the claim number assigned, (b) the date received, (c) the name and address of the claimant and agent, if applicable, who filed the claim, (d) the amount asserted, (e) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), (f) the applicable Debtor, and (g) any disposition of the claim;

    i.   Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

    j.   Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

    k.   Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to their offices, not less than weekly;

    l.   Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

    m.   Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Registers;

    n.   Assist in the dissemination of information to the public and respond to requests for administrative information regarding the cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

    o.   If the case is converted to chapter 7, contact the Clerk's Office within three (3) days of the notice to Omni of entry of the order converting the case;

    p.  Thirty (30) days prior to the close of this case, to the extent practicable, request that the Debtors submit to the Court a proposed Order dismissing Omni and terminating its services upon completion of its duties and responsibilities and upon the closing of the Chapter 11 Cases;

    q.  Within seven (7) days of notice to Omni of the entry of an order closing the Chapter 11 Cases, Omni shall provide to the Court the final version of the Claims Registers as of the date immediately before the closing of the cases;

    r.  In addition to the foregoing, Omni will assist the Debtors with, among other things, (a) tracking and administration of claims; (b) performing tasks related to the services provided herein; and (c) performing other tasks pertaining to the administration of these Chapter 11 Cases as may be requested by the Debtors, the Court, or the Clerk's Office in accordance with the terms of the Services Agreement; and

    s.  At the close of this case, box and transport all original documents, in proper format, as provided by the Clerk's office, to (a) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, MO 64064 or (b) any other location requested by the Clerk's office.

11.    The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Omni at https://omniagentsolutions.com/HawthorneRaceCourse.

12.    Omni shall not employ any past or present employee of the Debtors for work that involves the Debtors' bankruptcy cases.

## **OMNI'S COMPENSATION**

13.    The Debtors respectfully request that the undisputed fees and expenses incurred by Omni in the performance of the Claims and Noticing Services be treated as administrative expenses of the Debtors' estates pursuant to 28 U.S.C. § 156(c) and Bankruptcy Code section 503(b)(1)(A) and that Omni be paid in the ordinary course of business without further application to or order of the Court.

56986886.1 02/27/2026

14. Omni agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred. Omni further agrees to serve monthly invoices on the Debtors, the Office of the United States Trustee for the Northern District of Illinois (the "**U.S. Trustee**"), counsel for the Debtors, and any party in interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Services Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute. If resolution is not achieved, the parties may seek resolution of the matter from the Court.

15. Prior to the Petition Date, the Debtors provided Omni a retainer in the amount of $25,000. Omni will hold the retainer under the Services Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred pursuant to the Services Agreement. Following termination of the Services Agreement, Omni will return to the Debtors any amount of the retainer that remains.

## OMNI'S DISINTERESTEDNESS

16. The Debtors have been advised that, to the best of Omni's knowledge, and except as set forth in the Osborne Declaration, based on Omni's results of its search performed to date, Omni and its personnel:

   a. Are not creditors, equity security holders, or insiders of the Debtors;

   b. Are not and were not, within two (2) years before the date of the filing of these Chapter 11 Cases, directors, officers, or employees of the Debtors; and

   c. Do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

17. To the best of the Debtors' knowledge, Omni is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the

56986886.1 02/27/2026

Bankruptcy Code. Omni has represented to the Debtors that Omni will not represent any entities or individuals other than the Debtors in the Chapter 11 Cases or in connection with any matters that would be adverse to the interests of the Debtors.

18. Omni has further represented, among other things, that:

   a. Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

   b. By accepting employment in this case, Omni waives any right to receive compensation from the United States government in connection with the Debtors' Chapter 11 Cases;

   c. In its capacity as the Claims and Noticing Agent in this case, Omni will not be an agent of the United States and will not act on behalf of the United States; and

   d. It is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged.

19. Omni has advised the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or circumstances are discovered, Omni will supplement its disclosure to the Court.

20. Based on the foregoing, this Section 156(c) Application complies with Local Rule 5003-1 and conforms to the standard application in use by this Court.

### RELIEF REQUESTED

21. Pursuant to 28 U.S.C. §156(c) and Local Rule 5003-1, the Debtors request the entry of an order, substantially in the form of the Proposed Order, authorizing the Debtors to retain and appoint Omni as Claims and Noticing Agent in the these Chapter 11 Cases, effective as of the

Petition Date, with full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in these Chapter 11 Cases.

## BASIS FOR RELIEF REQUESTED

22. Section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of the bankruptcy court, authorizes the Court to use facilities other than those of the Clerk for the administration of chapter 11 cases, and provides as follows:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States.

28 U.S.C. § 156(c).

23. Moreover, Local Rule 5003-1 states "[o]n motion of the debtor or trustee, the court may authorize retention of a claims agent under 28 U.S.C. § 156(c) to prepare and maintain the claims register in a case" and requires, in all cases with more than 500 creditors, that the Debtors file a motion to retain a noticing agent. The Debtors have over 500 creditors and parties in interest in the Chapter 11 Cases. Accordingly, a claims and noticing agent is required.

24. Pursuant to the Debtors' request, Omni has served in the capacity as claims and noticing agent in these cases since the Petition Date with assurances that the Debtors would seek approval of Omni's employment and retention, effective as of the Petition Date so that Omni may be compensated for services performed before the entry of an order approving its retention. No party-in-interest will be prejudiced by the granting of the retroactive employment, as provided herein, because Omni has provided and continues to provide valuable services to the Debtors' estates in the interim period.

56986886.1 02/27/2026

25. Courts have routinely approved retroactive employment similar to that requested herein in matters comparable to this matter. *See, e.g In re Gold Standard Baking, LLC*, Case No. 22-10559 (JKS) (Bankr. D. Del. June 22, 2022); *In re PWM Property Management LLC*, Case No. 21-11445 (MFW) (Bankr. D. Del. October 31, 2021); *In re AH Liquidation, Inc. (f/k/a Avadim Health, Inc.)*, Case No. 21-10883 (CTG) (Bankr. D. Del. May 31, 2021); *In re Hospital Acquisition LLC*, Case No. 19-10998 (BLS) (Bankr. D. Del. May 8, 2019).

26. Based on the foregoing, the Debtors have satisfied the requirements of 28 U.S.C. § 156(c) and the Local Rules. Accordingly, the Debtors respectfully request entry of an order pursuant to 28 U.S.C. § 156(c), and Local Rule 5003-1, authorizing the Debtors to retain and employ Omni as the Claims and Noticing Agent, effective as of the Petition Date.

## NOTICE

27. Notice of the filing of this Motion and the hearing scheduled therefor has been provided by CM/ECF, overnight delivery, and/or facsimile to (a) the Office of the United States Trustee for Region 11; (b) each of the Debtors' 20 largest unsecured creditors pursuant to Bankruptcy Rule 1007(d); (c) counsel to the Debtors' senior secured lender, Signature Bank; and (d) all other parties who have requested service of all filings via the Court's CM/ECF system. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: February 27, 2026               **SAUL EWING LLP**

                                                       By: */s/ Barry A. Chatz*
                                                       Barry A. Chatz (ARDC# 6196639)

56986886.1 02/27/2026

David A. Golin (ARDC# 6180517)
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
Telephone: (312) 876-7100
Email: barry.chatz@saul.com
david.golin@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hawthorne Race Course, Inc., *et al.*,[1] | ) | Case No. 26-03505 |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |
| | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Monday, March 2, 2026 at 12:00 p.m. CDT we will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, either in courtroom 682 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, IL 60604 or electronically as described below, and present the **Application of Debtors for Order Authorizing Retention and Employment of Omni Agent Solutions, Inc. as Claims and Noticing Agent to the Debtors, Effective as of the Petition Date, Pursuant to 28 U.S.C. § 156(c) and Local Rule 5003-1,** copy of which is attached.

**Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

**To appear by Zoom**, please go to this link:  https://www.zoomgov.com.  Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

**Meeting ID and Passcode.** The meeting ID for this hearing is 160 9362 1728, and the passcode is No Passcode Required.  The meeting ID and passcode can also be found on the judge's page on the court's web site.

[*Remainder of page intentionally left blank*]

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Hawthorne Race Course, Inc., (2284); Carey Heirs Properties, LLC, (2654); Suburban Downs, Inc., (2457); and Post Time Catering, Inc., (3590).  The Debtors' mailing address is 3501 S. Laramie Ave, Stickney, IL 60804.

57351431.1

-2-

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days, before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

### SAUL EWING LLP

By: */s/ Barry A. Chatz*

Barry A. Chatz (ARDC# 6196639)
David A. Golin (ARDC# 6180517)
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
Telephone: (312) 876-7100
Email: barry.chatz@saul.com
　　　　david.golin@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*

57351431.1