**EXHIBIT A**

**Emergency Motion**

57464488.3 03/11/2026

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Hawthorne Race Course, Inc., *et al.*,[1] | ) Case No. 26-03505 |
| Debtors. | ) Hon. Timothy A. Barnes |
| | ) Jointly Administered |

**DEBTORS' MOTION FOR ORDER EXTENDING TIME FOR DEBTORS TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through their proposed undersigned attorneys, hereby move this Court (the "**Motion**"), pursuant to section 521(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "**Bankruptcy Code**"), and Rules 1007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the time for the Debtors to file their schedules and statement of financial affairs (collectively, the "**Schedules and Statements**"), as required by Federal Rule 1007(b), by thirty (30) days, from March 13, 2026, to April 13, 2026.  In support of this Motion, the Debtors state as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the Northern District of Illinois (the "**Court**") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before the Court

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Hawthorne Race Course, Inc., (2284); Carey Heirs Properties, LLC, (2654); Suburban Downs, Inc., (2457); and Post Time Catering, Inc., (3590).  The Debtors' mailing address is 3501 S. Laramie Ave, Stickney, IL 60804.

57464488.3 03/11/2026

pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 105(a) and 521(a) of the Bankruptcy Code, and Bankruptcy Rules 1007(c) and 9006(b).

## BACKGROUND

2. On February 27, 2026 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate their businesses under the jurisdiction of this court as debtors in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3. Neither a trustee nor a committee of unsecured creditors has been appointed in the Debtors' chapter 11 cases (the "**Chapter 11 Cases**").

4. The Debtors operate a horse racing and wagering business centered on live thoroughbred and standardbred racing in Illinois. The Debtors generate revenue through parimutuel wagering, a large network of off-track betting locations, and sports wagering operations. In 2019, the Debtors began developing Illinois' first Racino entertainment complex featuring both casino-style wagering and horseracing. A more fulsome description of the Debtors' background and operations is found in the *Declaration of Timothy S. Carey in Support of Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**") [D.I. 17], incorporated herein by reference.

5. The Debtors each operate distinct segments of the overall business, including racing, wagering, racetrack operations and maintenance, and offering food and beverages. Because of the variety of business operations undertaken by the Debtors, their creditor body, the nature of their contractual relationships, and their assets and liability are all extensive and complex.

2

6. Since the filing of these chapter 11 cases, the Debtors and their professionals have been engaged in hearings and negotiations relating to their ongoing financing needs and stabilizing the business. The Debtors require the extension of time requested in this Motion to ensure the Schedules and Statements are in order.

7. The section 341 meeting of creditors is scheduled for April 7, 2026 at 1:00 p.m., CT.

## RELIEF REQUESTED

8. The Debtors seek an order extending the time for filing their Schedules and Statements (defined below) by thirty (30) days, with the Debtors reserving rights to seek a further extension in the future.

## BASIS FOR RELIEF

9. Section 521 of the Bankruptcy Code provides that a debtor is required to file schedules of assets and liabilities and statements of financial affairs unless the Court orders otherwise. 11 U.S.C. § 521(a)(1)(A)–(B).

10. Bankruptcy Rule 1007 requires a chapter 11 debtor to file its schedules and statements with its voluntary petition for relief or within fourteen days thereafter. Fed. R. Bankr. P. 1007(b)–(c). Bankruptcy Rule 1007(c) also authorizes a bankruptcy court to extend a debtor's time to file its schedules and statements "for cause." Fed. R. Bankr. P. 1007(c)(7).

11. Good cause exists to extend the Debtors' time to file the Schedules and Statements beyond the fourteen days provided by Bankruptcy Rule 1007(c). The ordinary operation of the Debtors' business requires the Debtors to maintain voluminous books and records across their various segments. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to a myriad of claims of their creditors and the Debtors' many assets and contracts. This information is extensive and located in numerous

3

places throughout the Debtors' operations. Between the Debtors, there are over 1,000 horsemen, dozens to hundreds of executory contract creditors, and numerous other creditors and interests that must be included in the Schedules and Statements. Collecting the necessary information to complete the Schedules and Statements will require a significant expenditure of time and effort on the part of the Debtors and their professionals.

12. In the days leading up to and immediately following the Petition Date, the Debtors' primary focus has been preparing for the commencement of these chapter 11 cases as expeditiously and efficiently as possible, including preparing their business to transition into chapter 11, and negotiating with key constituencies for a smooth transition into chapter 11. Given the substantial burdens already imposed on the Debtors' management by the commencement of these chapter 11 cases, the competing demands upon the Debtors' employees to collect information (including in connection with the diligence requests necessary to commence racing as soon as possible), and the significant effort required to complete the Schedules and Statements, good cause exists to extend the current deadline by 30 days, until 44 days after the Petition Date. The requested extension will ensure that the Schedules and Statements are prepared properly and with accuracy, and will help alleviate the potential necessity of substantial subsequent amendments. The Debtors request such an extension without prejudice to their rights to seek further extensions or waivers from the Court for cause shown.

13. The Debtors reserve the right to seek additional extensions of time should the circumstances require more time.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: March 11, 2026        **SAUL EWING LLP**

                By:*/s/ Barry A. Chatz*
                  Barry A. Chatz (ARDC# 6196639)
                  David A. Golin (ARDC# 6180517)
                  161 North Clark Street, Suite 4200
                  Chicago, Illinois 60601
                  Telephone: (312) 876-7100
                  Email: barry.chatz@saul.com
                      david.golin@saul.com

                  *Proposed Counsel for Debtors and Debtors in Possession*

## **EXHIBIT A**

(Proposed Order)

57464488.3 03/11/2026