**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Hawthorne Race Course, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-03505<br><br>Hon. Timothy A. Barnes<br><br>Jointly Administered |

**ORDER GRANTING WEO's AND DEBTORS' JOINT MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT WITH W.E. O'NEIL CONSTRUCTION COMPANY, INC. PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon consideration of the joint motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and W.E. O'Neil Construction Company, Inc. ("WEO") for entry of an order (this "Order"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a settlement (the "Settlement") between the Debtors and WEO resolving WEO's asserted secured claim and mechanics' lien against the Debtors' property, and authorizing the inclusion in the order approving the sale of the Debtors' assets (the "Sale Order") of provisions necessary to effectuate the Settlement; the Court having reviewed the Motion; the Court having found that adequate and sufficient notice of the Motion has been given; the Court having considered the record of these Chapter 11 Cases; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

**A. The Settlement Satisfies the Applicable Standard.** The Settlement is the product of good-faith, arm's-length negotiations among the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), WEO, and other parties in interest. The Settlement is fair, equitable, reasonable, and in the best interests of the Debtors' estates and their creditors, and it falls well within the reasonable range of litigation possibilities. The Debtors' entry into the Settlement reflects a sound exercise of the Debtors' business judgment. Among other things, the Settlement removes substantial litigation uncertainty, delay, and expense associated with WEO's mechanics'

[1] The debtors in possession (collectively, the "Debtor(s)") in the above-captioned jointly administered chapter 11 cases (the "Bankruptcy Cases") along with the last four digits of each Debtor's federal tax identification number, are: Hawthorne Race Course, Inc., (2284); Carey Heirs Properties, LLC, (2654); Suburban Downs, Inc., (2457); and Post Time Catering, Inc., (3590). The Debtors' mailing address is 3501 S. Laramie Ave, Stickney, IL 60804.

lien and related appeal; facilitates the implementation of the sale of the Debtors' assets; enables the payment of senior secured claims and preserves the prospect of a recovery for unsecured creditors; resolves competing lien-priority disputes; and resolves multiple objections to the sale.

**E. Objections.** Any and all objections to the Motion or the relief requested therein that have not been withdrawn, waived, resolved, or settled are hereby overruled on the merits. Upon approval and consummation of the Settlement, the limited objection to the sale and reservation of rights filed by WEO shall be deemed withdrawn.

**THE SETTLEMENT TERMS**

The material terms of the Settlement, as more fully set forth in the Motion and the definitive settlement documentation, are summarized as follows:

**(a) Allowed Secured Claim.** WEO's proofs of claim (Claim No. 56 against Debtor Hawthorne Race, Inc.; Claim No. 6 against Debtor Carey Heirs Properties, LLC; Claim No. 8 against Debtor Suburban Downs, Inc.; and Claim No. 3 against Debtor Post Time Catering, Inc.) shall be allowed as a single secured claim in the reduced amount of $4,950,000 (the "WEO Allowed Secured Claim"). The remaining unpaid portion of WEO's claims shall be allowed general unsecured claims, subject to future liquidation (and allocation between the Debtors' estates) based upon the ongoing accrual of interest, fees, and other costs.

**(b) Payment to WEO.** In full satisfaction of the WEO Allowed Secured Claim and any and all related subcontractor claims, subject to the terms of the Sale Order, WEO shall receive a payment of $4,500,000 (the "WEO Claim Payment"), to be paid in cash on a dollar-for-dollar basis from the proceeds of the sale of the Debtors' assets (the "Sale"), at the closing of the sale.

**(c) Allocation to the Horsemen Association.** The remaining $450,000 of the WEO Allowed Secured Claim shall be deducted from that claim and, as a condition to WEO's receipt of payment, WEO shall permit payment at Closing of $450,000 as a gift payment from WEO to the Illinois Thoroughbred Horsemen's Association (the "Horsemen Association") and its charitable foundations, the Illinois Backstretch Charitable Foundation, Inc. and Galloping Out, Inc., both Illinois 501(c)(3) corporations, of which the horsemen's community and horses are intended beneficiaries, not for lobbying fees or in relation to policial gain, but for the expressed purposes of assisting the Backstretch Community (as defined in the ITHA's objection) and horses and in partial resolution of the Horsemen Association's objection to the sale order and in satisfaction of the Horsemen Association's claim against the Sale proceeds. Such payment is made to support and advance the charitable purposes of the Illinois Backstretch Charitable Foundation, Inc. and Galloping Out, Inc. on behalf of such beneficiaries.

**(d) Sale Order Provisions.** The Debtors, the Committee and WEO shall review and include in the Sale Order appropriate language necessary to effectuate the Settlement, including provisions authorizing and directing the WEO Claim Payment from Sale proceeds in full in cash on a dollar-for-dollar basis at Sale closing. The settlement outlined herein is also contingent upon the Sale Order documenting the settlement and compromise of Aria Group Architects, Inc.'s secured claim, to be allowed and paid in the reduced amount of $4,950,000 (with $450,000 of such to be allocated to the Horsemen Association) from Sale Proceeds as set forth on the record during the July 20, 2026 and July 22, 2026 hearings on the Sale.

**(e) Resolution of Objections and Disputes.** Upon approval and consummation of the Settlement, WEO's objection to the Sale shall be deemed withdrawn, and the Settlement shall resolve all disputes concerning WEO's claim and mechanics' lien, including the lien-priority disputes involving the other secured claimants and the matters underlying the pending stay-relief motion and the appeal, as they relate to WEO and its subcontractors. The Debtors and WEO shall work cooperatively to dismiss the appeal and all related litigation following WEO's receipt of the WEO Claim Payment. Notwithstanding anything to the contrary in this Order, in the event that the Sale Order is not entered or the Closing does not occur and/or the WEO Claim Payment is not paid to W.E. O'Neil in full, the WEO Settlement shall be deemed void and of no force or effect, and W.E. O'Neil's asserted secured claim, mechanics' lien against the Acquired Property, the WEO Sale Objection, Milburn LLC's asserted secured claim, the pending motion for relief from the automatic stay, and the Appeal shall be automatically reinstated and preserved in full, without prejudice and with the same validity, extent, and priority as existed immediately prior to entry of this Order or the Sale Order, and nothing in this Order shall constitute a waiver, release, satisfaction, or impairment of any of W.E. O'Neil's or the Subcontractors' claims, liens, rights, defenses, or remedies, or any other party in interest's rights, objections, or defenses thereto.

The foregoing summary is qualified in its entirety by reference to the definitive terms to be reflected in the Sale Order and any related settlement documentation, which shall control in the event of any inconsistency.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**1.** The Motion is GRANTED as set forth herein.

**2.** The Settlement, and the terms and conditions set forth in the Motion and herein are the definitive settlement documentation, are APPROVED in their entirety as fair, equitable, reasonable, and in the best interests of the Debtors' estates, their creditors, and other parties in interest.

**3.** The Debtors are authorized to enter into, execute, deliver, and perform under the Settlement, and to execute any and all documents, and to take any and all actions, reasonably necessary or appropriate to implement, effectuate, and consummate the Settlement, including the inclusion in the Sale Order of the provisions necessary to effectuate the Settlement.

**4.** Any and all objections to the Motion that have not been withdrawn, waived, resolved, or settled are overruled on the merits, and, upon approval and consummation of the Settlement, WEO's objection to the Sale shall be deemed withdrawn.

**5.** The terms and provisions of this Order shall be immediately effective and enforceable upon its entry. This Order is a final order within the meaning of 28 U.S.C. § 158(a)(1).

**6.** The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Settlement, and to resolve any and all disputes arising under or related to the Settlement.

**ENTER:**

Dated: July 27, 2026



United States Bankruptcy Judge